**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CARMEN IRENE LOBATO, | |
| Plaintiff, | 2:21-cv-00658-VCF |
| vs. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | **ORDER** |
| Defendant. | |

This matter involves Plaintiff Carmen Irene Lobato's appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Lobato's Motion for Reversal or Remand (ECF No. 16) and the Commissioner of Social Security's Motion to Affirm (ECF No. 20). For the reasons stated below the Court grants Lobato's motion for reversal and remand and denies the Commissioner's motion to affirm.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676,

679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

**DISCUSSION**

I.   **Factual Background**

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); *see also Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

The ALJ applied a five-step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Lobato suffered from a severe combination of impairments including degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; Stiff Person Syndrome; right shoulder disorder status post arthroscopy; and asthma (20 CFR 404.1520(c) and 416.920(c)). AR 18, ¶ 3. The ALJ examined relevant medical evidence including opinions of Ryan Swope, D.O., Dr. Steven Kozmary, Mark B. Kabins, M.D., Luis L. Diaz, M.D., Tudor C. Jianu, M.D., Disability Determination

Services state-agency consultants M.Yee,, and records of medical treatment.  The ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR 404.1520(d), 404.1525 and 404.1526)., thus the ALJ denied her social security benefits.  (AR 20).

The ALJ concluded that residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can: lift 10 pounds occasionally, and 5 pounds frequently; sit for up to six hours out of an eight-hour work day; and stand and walk for up to two hours in an eight-hour work day. She is limited to occasional postural activities except for no climbing of ladders, ropes, or scaffolds. She cannot perform work above shoulder level with the right upper extremity. She cannot work around work hazards, including at heights or around dangerous moving machinery. She can have no exposure to excessive amounts to dusts, fumes, gases, and poor ventilation.  (AR 21).

The ALJ also found that plaintiff meets the insured status requirements of the Social Security Act. Overall, the ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from February 3, 2016, through the date of the decision on July 15, 2020. (AR 28).

Plaintiff challenges the ALJ's finding that on these four issues:

1. Whether remand is required because the ALJ and the Appeals Council derived their power to adjudicate this case from a single Agency Commissioner in violation of the Separation of Powers Clause and the Constitution.
2. Whether the ALJ failed to account for Plaintiff's limitation in cervical range of motion in the RFC finding.
3. Whether the ALJ's "as actually" step 4 denial is defective because Plaintiff could not perform the standing/walking that position required.
4. Whether the ALJ failed to account for Plaintiff's admitted limitations in concentration, persistence and pace.  (ECF No. 16).

The Commissioner argues that the ALJ properly weighed the medical evidence, including evidence that Plaintiff is not disabled. (ECF No. 20).

**II.   Analysis**

1.  **Whether remand is required because the ALJ and the Appeals Council derived their power to adjudicate this case from a single Agency Commissioner in violation of the Separation of Powers Clause and the Constitution.**

Plaintiff contends that because (1) Andrew Saul held the office of Commissioner of Social Security at all times when decisions relevant to Plaintiff's case were made, and (2) Commissioner Saul's tenure was unconstitutional because he was the single head of the Social Security Administration in a tenured protected position that limited the President's removal power, Commissioner Saul could not delegate authority to an administrative law judge ("ALJ") or Appeals Council that made decisions pertaining to Plaintiff's benefits. ECF No. 16. Plaintiff argues that she is entitled to remand as a matter of law because the conditions of Commissioner Saul's appointment and tenure violated separation of powers. *Id.* Defendant responds to this argument stating that Plaintiff cannot demonstrate a nexus between an action taken by an acting official removable at will and an "underlying … separation of powers challenge to a removal restriction …." ECF No. 20 The ALJ who made the decision to deny Plaintiff benefits was appointed by then-Acting Commissioner Berryhill who "enjoyed no statutory tenure protection." *Id.* citing 42 U.S.C. 902(b)(4) and *Collins v. Yellen*, 141 S.Ct. 1761, 1783 (2021).

**The Law.**

The U.S. Supreme Court's decisions in *Seila Law LLC v. CFPB*, 140 S.Ct. 2183 (2020) and *Collins v. Yellen*, held that the for-cause restriction on the President's executive power to remove the single Director of the Consumer Financial Protection Bureau ("CFPB") and the Federal Housing Finance Agency ("FHFA"), respectively, violated the constitutional separation of powers.

Specifically, in Seila Law, the United States Supreme Court considered the constitutionality of a statutory limitation on the President's power to remove the head of the CFPB. The Supreme Court held,

under the facts of the case, the limitation was an unconstitutional violation of the separation of powers. *Seila Law*, 140 S.Ct. at 2207. The Court discussed and found the petitioner had standing to bring its claim. The Court stated: "petitioner's appellate standing is beyond dispute. Petitioner is compelled to comply with the civil investigative demand and to provide documents it would prefer to withhold, a concrete injury. That injury is traceable to the decision below and would be fully redressed if we were to reverse the judgment of the Court of Appeals and remand with instructions to deny the Government's petition to enforce the demand." Id. at 2196. The Court took issue with Congress investing unilateral decision-making power in the single Director of the CFPB, insulating the Director with a for-cause removal restriction, and delineating a five-year tenure in office. Id. at 2204. The Court explained: Because the CFPB is headed by a single Director with a five-year term, some Presidents may not have any opportunity to shape its leadership and thereby influence its activities. … To make matters worse, the agency's single-Director structure means the President will not have the opportunity to appoint any other leaders—such as a chair or fellow members of a Commission or Board—who can serve as a check on the Director's authority and help bring the agency in line with the President's preferred policies. Id. In Collins, the Supreme Court similarly found the structure of the FHFA unconstitutional for "concentrating power in a unilateral actor insulated from Presidential control." *Collins*, 141 S.Ct. at 1784. The Collins decision, which the Ninth Circuit considers "controlling with respect to the remedy for any unconstitutionality in the removal provisions," emphasized that the unconstitutional leadership structure of the FHFA did not automatically render the agency's decisions void. Id. at 1787.

The Court noted that, while the removal provision at issue was unconstitutional, the appointment of each director to the FHFA was sound, and thus there was "no reason to regard any of the actions taken by the FHFA … as void." Id. Here, it is uncontroverted that, unlike Seila Law, the ALJ who made the decision denying Plaintiff's benefits was not appointed by a Commissioner of Social Security who was subject to removal restrictions under 42 U.S.C. 902(b)(4). Instead, the ALJ who made the decision in

Plaintiff's case was appointed by an acting Commissioner of Social Security that could be removed at will by the President. Thus, Plaintiff's constitutional argument arising from the limitation on removal of the Commissioner of Social Security fails.  Further, even if the above was insufficient to deny Plaintiff's Motion for Remand, Plaintiff's Motion fails because she cannot establish a nexus between the alleged unconstitutional limitation on removal of the agency head and the denial of her benefits. To establish Article III standing, Plaintiff must show that she suffered an "injury in fact" that is "fairly traceable" to the defendant's conduct and would likely be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (alterations and internal quotation marks omitted). "[F]or purposes of traceability, the relevant inquiry is whether the plaintiffs' injury can be traced to 'allegedly unlawful conduct' of the defendant, not to the provision of law that is challenged." *Collins*, 141 S.Ct. at 1779 *citing Allen v. Wright*, 468 U.S. 737, 751 (1984) and *Lujan*, 504 U.S. at 560 ("explaining that the plaintiff must show 'a causal connection between the injury and the conduct complained of,' and that 'the injury has to be fairly traceable to the challenged action of the defendant' (*quoting Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41 … (1976)").

In this case, unlike Seila Law, Plaintiff does not allege facts that support a finding that her injury, the denial of disability benefits, can be or is traced to the conduct of the SSA Commissioner.  Plaintiff alleges no facts suggesting that when the ALJ denied her claim for Social Security benefits, the then-SSA Commissioner played any role whatsoever in that decision. Unlike the Director of the CFPB who was directly involved in decisions that impacted and caused alleged injury to Seila Law, Plaintiff does not allege the Commissioner of the Social Security Administration took any action that is in any way related to the ALJ's decision.  In fact, it is well settled that each ALJ must "exercise[] his independent judgment on the evidence before him …." *Brennan v. Dep't of Health & Human Servs.*, 787 F.2d 1559, 1562 n.1 (Fed. Cir. 1986) (*quoting Butz v. Economou*, 438 U.S. 478, 513 (1978)). Because Plaintiff offers nothing that traces the decision by the ALJ in her case to any alleged injurious conduct by the Social Security

Administration Commissioner, she has not demonstrated traceability and her constitutional violation claim also fails for lack of standing. *Seila Law*, 140 S.Ct. at 2196; *Collins*, 141 S.Ct. at 1779.

2. **Whether the ALJ failed to account for Plaintiff's limitation in cervical range of motion in the RFC finding.**

The ALJ adequately explained the underlying basis for his RFC determination with respect to Plaintiff's neck impairment, and his findings and decision are supported by substantial evidence. SSR 96-8p. The ALJ found that Plaintiff reported increased pain in the neck following a 2016 motor vehicle accident, and that she discussed undergoing neck surgery with her physician but the surgery was ultimately never performed (AR 22, 24, 1605–07, 1616; citing Exhibit 20F/29–31, 40). The ALJ found diagnostic images around the date of the accident that showed mild left neural foraminal narrowing at the C5-6 (AR 23, 3F/19-20). The ALJ found that Plaintiff exhibited some reduced range of motion of the cervical spine after undergoing pain management, but that she maintained intact motor strength, sensation, and range of motion of her extremities; and she received significant improvement of 70 to 100 percent with injections and pain medications (AR 23, citing 4F/16-17, 20-21, 33-34, 63-66). *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment may be "sufficient to discount a claimant's testimony regarding severity of an impairment"). In April 2019, Plaintiff's clinical examinations showed unremarkable findings of her cervical spine (AR 24, citing 30F). The ALJ found evidence of normal musculoskeletal functioning, including muscle strength and range of motion (AR 25), the ALJ limited Plaintiff to occasional postural activities, except for no climbing of ladders, ropes, or scaffolds (AR 21). The ALJ found that Plaintiff could not work above the shoulder level with the right upper extremity, which could feasibly be attributed to the cervical DDD also (AR 21). The ALJ properly considered Plaintiff's cervical spine impairment in his assessment of the RFC. (AR 21–24).

3. **Whether the ALJ's step four finding that plaintiff could perform her past work "as actually" performed is supported by substantial evidence.**

Under Agency policy, and the POMS in particular, there are only two possible types of Step 4 denials. A claimant may be denied at Step 4 due to the ability to perform her past relevant work ("PRW") as she had actually performed that work (an "as actually" determination). SSR 82-61, 1982 WL 31387, *1; *see also* SSR 82-62, 1982 WL 31386, *3; Program Operations Manual System (POMS) DI 25005.050(B)(2); POMS DI 25005.020. A claimant also may be denied at Step 4 due to the ability to perform PRW as it is generally performed in the national economy (an "as generally" determination). Because Plaintiff's PRW was a composite job, an as generally finding was prohibited here as a matter of law (Tr. 27).1 SSR 82-61, *2; see also SSR 82-62, *3; POMS DI 25005.050(B)(2); POMS DI 25005.025.

The Ninth Circuit has held that the Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (*quoting Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch*, 400 F.3d 676, 679 (9th Cir. 2005).

The vocational expert testified that Plaintiff could perform her past work. (AR 52). The VE classified Plaintiff's past work as a sedentary composite job (AR 50). The VE provided the DOT code for the work performed – "employment clerk" (DOT code 205.363-014) and "medical record coder" (DOT code 079.262-014). (AR 52).

Plaintiff argues that the ALJ erred when he relied on the vocational expert's (VE) testimony that Plaintiff could perform her past work. The VE's classification of plaintiff's past work was based on an incorrect DOT job classification code. (ECF No. 16). Plaintiff contends the DOT code for "medical records coder" (079.262-014) does not exist. *Id.*

A search for "medical records coder" in the Dictionary of Occupational Titles database does not produce a search result.

The ALJ here issued an "as actually" denial holding that Plaintiff could perform her past relevant work as she had actually performed it (AR 26-28).

The ALJ found that plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can: lift 10 pounds occasionally, and 5 pounds frequently; sit for up to six hours out of an eight-hour work day; and stand and walk for up to two hours in an eight-hour work day. She is limited to occasional postural activities except for no climbing of ladders, ropes, or scaffolds. (AR 21). The ALJ made no alternate step 5 finding of any kind (AR 26-28). Plaintiff's past relevant work required her to stand for 1.5 hours each work day and walk for 1.0 hours each work day, which is a total of 2.5 hours of standing/walking each day. (AR 237).

Sedentary work allows for only a total of 2.0 hours of standing and walking in an eight hour work day. SSR 83-10, 1983 WL 31251, *5. The ALJ himself explicitly limited Plaintiff to sedentary work and affirmatively prohibited more than 2 hours of standing/walking in a work day (AR. 21). Plaintiff's past relevant work as she actually performed it required standing/walking in excess of two hours.

Here, legal error exists when the ALJ relied upon a DOT job code number that does not exist. *See Burnett v. Commissioner*, 220 F.3d 112, 124 (3d Cir. 2000). The ALJ erred by relying on the inconsistency of the vocational expert's testimony and the Dictionary of Occupational Titles, as part of his finding that plaintiff is not disabled.

The VE referred to the DOT in describing how Plaintiff performed her past relevant work on an "as actually" basis (AR 53), in which the ALJ use in his findings. Plaintiff's PRW as she actually performed it required 2.5 hours of standing/walking, when she is medically unable to perform that job as she was limited to only a total of 2.0 hours of standing/walking.

4. **Whether the ALJ failed to account for Plaintiff's admitted mental functional limitation in concentration, persistence, and pace in his RFC finding and dispositive hypothetical question.**

An ALJ's RFC finding must include all of the limitations the ALJ has found to be supported by the evidence of record whether from severe impairments or non-severe impairments. *See* SSR 85-15, 1985 WL 56857 (requiring all impairment-related work limitations to be reflected in the RFC finding); *see also* SSR 83-10, 1983 WL 31251 *2 (defining RFC as a work-setting medical assessment encompassing all of the individual's functional limitations from his or her impairments).

As to mental impairments, the Commissioner's regulations require ALJs to assess a claimant's mental impairments pursuant to a special technique, called the psychiatric review technique (PRT). 20 C.F.R. § 404.1520a. This requires an assessment of the claimant's degree of functional limitation in four broad areas. *Id.* The PRT is used to determine severity at step two and whether a listing is satisfied at step three. *Id.* The findings in the PRT are then used in shaping the RFC. *Id.* Utilization of the PRT is absolutely mandatory for all SSA adjudicators. *Id.* PRT findings must find adequate expression via specific functional limitations in the RFC determination. *See Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1181 (11th Cir. 2011); *Ramirez v. Barnhart*, 372 F.3d 546 (3d Cir. 2004).

The ALJ found that plaintiff has the following severe impairments: degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; Stiff Person Syndrome; right shoulder disorder status post arthroscopy; and asthma (20 CFR 404.1520(c)). (AR 18).  The ALJ states that he has considered other impairments present in the record, and find them to be nonsevere. The ALJ has considered singly and in combination, that the following impairments either did not exist for a continuous period of 12 months, did not require significant medical treatment, were stable or managed medically in that they were receptive to medication or other treatment, were  amenable to proper control by adherence to recommended medical management and medication compliance, caused only mild symptoms, were not alleged as severe by the claimant, or did not result in any continuous exertional or non-exertional

functional limitations: gastroesophageal reflux disease (10F/83; 21F/23-24; 24F/12; 30F/8); sinus tachycardia (16F); right wrist strain (2F/1, 5-6); migraines/headaches (1F/1-2; 3F/15, 17; 14F/2; 25F/1, 5; 29F/78); thoracic spine degenerative disc disease (3F/27-28; 19F/3-4); serotonin deficiency (23F/4; 28F/65); and temporomandibular joint disorder (9F; 29F/78). The ALJ found that these impairments establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the claimant's ability to meet the basic demands of work activity. (AR 19).

The ALJ completed the PRT analysis and found that Plaintiff's medically determinable impairments of depression and anxiety caused mild mental functional limitations in the area of concentration, persistence, and pace (AR 19). The ALJ here did not include any mental functional limitation relevant to concentration, persistence, or pace in the RFC finding.

An ALJ must account for the functional limitations caused by even non-severe impairments when formulating the RFC finding. *See* 20 C.F.R. §§ 404.1523, 404.1545(a)(2) (requiring adjudicators to consider the functional effects of even non-severe impairments when formulating the RFC finding); SSR 96-8p, 1996 WL 374184, *5 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not'severe.'").

In determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must make sufficient findings of the combined effects of the impairments. The ALJ must explain adequately his evaluation of the combined effects of the impairments. The ALJ's brief statement was insufficient.

Under Ninth Circuit precedent, in determining RFC, the ALJ must take into account all relevant evidence, including medical records, lay evidence, and pain. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including

pain, that are reasonably attributed to a medically determinable impairment."). This includes consideration of the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe. *See, e.g., Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013). The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. Specific RFC findings as to what functions the claimant is capable of performing must be made by the ALJ. Conclusory statements as to the claimant's abilities will not do. The ALJ's formulation of the RFC did not sufficiently discuss the combination of severe and non-severe impairments.

The Court remands the case to the ALJ to properly consider and address in sufficient detail the combination of severe and non-severe impairments at appropriate steps in the sequential evaluation. *See Marcia*, 900 F.2d at 176 ("When the Commissioner is in a better position than this court to evaluate the evidence, remand is appropriate."). For example, on remand, if the ALJ finds, after addressing the deficiencies identified elsewhere, that Lobato's impairment or combination of impairments equals a listing, Lobato is entitled to benefits. If the ALJ determines that Lobato's medical evidence is insufficient to raise a presumption of disability, he should continue the disability evaluation to steps four and five.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Lobato's motion to reverse or remand (ECF No. 16) is GRANTED, and that the Commissioner's motion to affirm (ECF No. 20) is DENIED.

The Clerk of Court is directed to enter final judgment.

DATED this 13th day of July 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE